IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT JOHNSON,

Defendant.

**8:23-CR-108**

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

This matter is before the Court on petitioner Robert Johnson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 234. On April 24, 2025, the Court sentenced Johnson to a cumulative term of 300 months of incarceration for "possession with intent to distribute 500 grams or more of methamphetamine" and "use/possess firearm with drug trafficking."[1] Filing 226 at 1–2 (Judgment). The defendant then timely filed the present motion asserting what appears to be two grounds for relief. Filing 234. The defendant has also filed a Motion to Supplement the Habeas with Warrants and Subpoenas and a Motion to Unseal Warrants and Supplement the Record. Filing 236; Filing 237. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has conducted an initial review of Johnson's motion. For the reasons explained below, both of the grounds asserted by the defendant lack merit, and the motion

[1] The defendant received 240 months' imprisonment for Count II of the Second Superseding Indictment, the "possession with intent to distribute" charge, and 60 months' imprisonment for Count III, the "firearm" charge. Filing 226 at 2. The 60-month term imposed for Count III is to be served consecutive to the 240-month term imposed for Count II. Filing 226 at 2.

is therefore denied without an evidentiary hearing. The Court also denies the defendant's two other outstanding motions.

## I. BACKGROUND

On January 20, 2023, United States Magistrate Judge Michael D. Nelson issued a search warrant for a United States Postal Service (USPS) Priority Mail package.[2] Filing 1 in Case No. 23-MJ-28. An application for search warrant was submitted by United States Postal Inspector Derek Ryan in support of the warrant. Filing 1 at 2 in Case No. 23-MJ-28. Ryan averred that the United States Postal Inspection Service (USPIS) Phoenix Division contacted the USPIS Omaha Domicile regarding a suspicious parcel, "possibly containing narcotics, that was mailed on October 29, 2022," and sent from Arizona to a Brenda Buchholz at 8984 N. 81st Street, Omaha, Nebraska. Filing 1 at 4 in Case No. 23-MJ-28. Among other things, a review of USPS business showed that the N. 81st Street address in Omaha had received "multiple USPS Priority Mail parcels that had been mailed from the greater Phoenix metropolitan area." Filing 1 at 4–5 in Case No. 23-MJ-28.

Ryan's application for a search warrant was for a January 18, 2023, USPS priority mail package addressed to "Brenda Buchholz, 8984 N 81st Street, Omaha, NE 68122, with a return address of Tammie Jones [for an address in] Salt Lake City, UT." Filing 1 at 3 in Case No. 23-MJ-28. According to the application, the subject parcel was presented for mailing in Tempe, Arizona, on January 18, 2023. Filing 1 at 3 in Case No. 23-MJ-28. Among other things, the application describes characteristics of the package that could be understood as suspicious and states that "Tammie Jones" was not identified to be associated with the return address. Filing 1 at 5–6 in Case No. 23-MJ-28. Additionally, the application provides that a "Police Service Dog," "a drug-sniffing

[2] The defendant's § 2255 Petition is explicitly grounded in the search warrants issued in Case No. 8:23-MJ-28 and Case No. 8:23-MJ-31.

Belgian Malinois used by the Omaha Police Department," "fully trained to detect the odor of marijuana, methamphetamine, cocaine, and heroin, as well as any base odors and derivatives of these narcotics" "indicated to the odor of a narcotic substance from the Subject Parcel, thus indicating the probable presence of narcotics and and/or money that has been contaminated with narcotics or base odors and derivatives of narcotics." Filing 1 at 6 in Case No. 23-MJ-28.

The defendant's Petition also references a search warrant issued on January 23, 2023, in Case No. 8:23-MJ-31. Filing 1 at 8 in Case No. 23-MJ-31. The application in support of this search warrant was also authored by Ryan. The subject parcel for this second search warrant was for a USPS Priority Mail Package addressed to Wendy Washington, 7361 N. 88th Street, Omaha, Nebraska, with a return address of Jill Tompson in Laramie, Wyoming. Filing 1 at 3 in Case No. 23-MJ-31. Ryan provided a probable cause statement saying,

> On January 17, 2023, members of the Drug Enforcement Administration (DEA) Omaha Field Division (FD) received an anonymous tip regarding Robert JOHNSON selling fentanyl pills and methamphetamine in Omaha. The anonymous tip further advised that JOHNSON is looking for mules to fly to Phoenix and mail (the drugs) back to Omaha or to fly to (Las) Vegas and drive to Phoenix to mail form a Las Vegas Post Office. The anonymous tip also stated that JOHNSON's registered address is 5023 Evans Street (Omaha, NE) but JOHNSON does not reside there, rather he resides with Whitney WASHINGTON off of Maple Street. On January 17, 2023, members of the DEA Omaha FD received a second anonymous tip regarding JOHNSON. The anonymous tip alleged that JOHNSON was selling fentanyl pills from the residence of 2635 Parker St, Omaha, NE. A query of databases available to law enforcement identified JOHNSON, date of birth 01/04/1984, was associated to the address of 5023 Evans St, Omaha, NE. A query of databases available to law enforcement identified WASHINGTON, date of birth 05/21/1990, is associated to the addresses of 7361 N 88th St, Omaha, NE and 2635 Parker St, Omaha, NE.

Filing 1 at 4 in Case No. 23-MJ-31.

The statement provided further that Ryan "reviewed . . . Nebraska vehicle title and registration information" regarding Washington and identified a vehicle "registered and titled" to Washington at the 7361 N. 88th Street address. Filing 1 at 5 in Case No. 23-MJ-31. The Metropolitan

Utilities District was also contacted, and "they [allegedly] stated that the current subscriber for services at 7361 N[.] 88th St. Omaha, NE is WASHINGTON and has been since May 2020." Filing 1 at 4 in Case No. 23-MJ-31. Ryan alleged that USPS business records identified seven priority mail parcels sent from Arizona to the 7361 N. 88th Street address. Filing 1 at 4 in Case No. 23-MJ-31.

Ryan described the parcel that was the subject of his warrant application as having many suspicious characteristics, and alleged that there was no "Jill Tompson" identified to be associated with the return address in Wyoming. Filing 1 at 5–6 in Case No. 23-MJ-31. The Police Service Dog referenced above that was "fully trained to detect the odor of marijuana, methamphetamine, cocaine, and heroin, as well as any base odors and derivatives of these narcotics" "alerted and indicated to the odor of a narcotic substance from the Subject Parcel, thus indicating the probable presence of narcotics, and and/or money that has been contaminated with narcotics or base odors and derivatives of narcotics." Filing 1 at 6–7 in Case No. 23-MJ-31.

The packages that were the subjects of the above search warrants were submitted to the United States Postal Service Forensic Laboratory, and both packages were determined to contain methamphetamine actual. *See* Filing 224 at 9. Additionally, a third package containing methamphetamine, mailed on February 14, 2023, "associated with [the defendant] was intercepted by law enforcement." Filing 224 at 9. On April 19, 2023, a federal search warrant was executed on the defendant's home. Filing 224 at 8. The 7361 N. 88th Street address in Omaha was the address that the defendant was residing at with his girlfriend and co-defendant Whitney Washington. *See* Filing 224 at 9. Law enforcement located four packages of methamphetamine during the search, a Taurus 9mm handgun, and $7,000. Filing 224 at 9–10.

## II. ANALYSIS

### A. Applicable Standards

Johnson brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also* *Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Both of Johnson's claims turn on allegations of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466

U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

**B. Johnson's Claims**

*1. Ground One: Failure to File a Motion to Suppress*

In his first ground for habeas relief, Johnson argues that his counsel failed to file a motion to suppress because "[c]ompetent counsel would have known that based upon *Alabama v. White*, 496 US 325, that an anonymous tip would have had to provide way more information for probable cause to issue a warrant to seize and search Movant's priority mail box that he paid Tijuana Johnson to place in the mail in Tempe, Arizona in case no. 23MJ28." Filing 234 at 4. According to Johnson, "[m]ovant contends that without the information that investigators had found drugs in the priority mail box in warrant 23MJ28, there would not have been enough information for probable cause in

warrant 23MJ31 issued on January 23, 2023, and that without the evidence investigators gathered in those two searches there would not be any probable cause to search his residence with Whitney Washington, and that without the evidence in the illegal searches there was not evidence in which to convict the Movant." Filing 234 at 7.

"Where counsel's failure to competently litigate a suppression issue is the focus of the ineffective assistance claim, to demonstrate prejudice, the petitioner must 'also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" *Hogan v. Kelley*, 826 F.3d 1025, 1028 (8th Cir. 2016) (quoting *Kimmelman*, 477 U.S. at 375). Here, Johnson has not met his burden to prove that his Fourth Amendment claim is meritorious, so Ground One fails for lack of prejudice. The Fourth Amendment claim underlying Ground One is that the two search warrants for USPS priority mail parcels described by the Court above were predicated only on an insufficiently detailed anonymous tip and were therefore not supported by probable cause. *See* Filing 234 at 4–12. The defendant's assertion that the search warrants were supported only by an anonymous tip is not true, however, and the defendant's first ground fails.

First, although somewhat unclear, the Court notes that the defendant's chain of reasoning appears to assert that the January 23, 2023, search warrant relied on information contained in or derived from the January 20, 2023, search warrant. *See* Filing 234 at 7 (saying "[m]ovant contends that without the information that investigators had found drugs in the priority mail box in warrant 23MJ28, there would not have been enough information for probable cause in warrant 23MJ31 issued on January 23, 2023"). This is not the case. The second warrant application's probable cause statement identified reasons why the subject parcel contained methamphetamine totally independent of any search conducted pursuant to the first search warrant. *See generally* Filing 1 in Case No. 23-

MJ-31. The second search warrant application does not reference a search conducted pursuant to the first search warrant, and it appears that the magistrate judge found probable cause for reasons entirely independent of the first search warrant application or the related search. *See, e.g.*, Filing 1 at 5–7 in Case No. 23-MJ-31 (describing the subject package's suspicious characteristics and the Police Service Dog alerting and indicating to the odor of a narcotic substance).

However, the defendant's larger grievance is the second search warrant's mention of an anonymous tip. Filing 1 at 4 in Case No. 23-MJ-31 (saying an anonymous tip alleged that the defendant was selling narcotics). It is unclear whether the defendant raises this issue with respect to the first search warrant (*i.e.*, the January 20, 2023, search warrant), the second search warrant (*i.e.*, the January 23, 2023, search warrant), or both. *See generally* Filing 234 (saying "that an anonymous tip would have had to provide way more information for probable cause . . . in case no. 23MJ28" and "[w]ithout the tainted searches of his mail . . . there is no basis for probable cause"). Regardless, it is clear that the first search warrant made no mention of an anonymous tip or the defendant. *See generally* Filing 1 at 4 in Case No. 23-MJ-28. The probable cause determination was made independent of any anonymous tip with respect to that search warrant, and the defendant's argument that the illegality of the first search causes the second and subsequent searches to be invalidated is therefore unavailing. *See generally* Filing 1 at 4 in Case No. 23-MJ-28. The second search warrant application on January 23, 2023, however, does mention an anonymous tip in its probable cause statement. *See generally* Filing 1 at 4 in Case No. 23-MJ-31. However, the defendant is wrong that probable cause was founded entirely on the anonymous tip. As explained elsewhere, the search warrant application details the seven similar packages sent to the 7361 N. 88th Street address from Arizona, the suspicious characteristics of the subject package, and the fact that the Police Service Dog alerted and indicated to the odor of a narcotic substance. *See generally* Filing 1 at 4–7 in Case

No. 23-MJ-31 (saying *inter alia* that the parcel was mailed from a "known drug source area," that the "parcel ha[d] a return address outside of the city and state of where the mailing occurred, thereby making it appear to the layperson that the parcel was mailed from Laramie, WY rather than the known drug source area of the greater Phoenix metropolitan area," and that a "Jill Tompson" was not identified to be associated with the return address).

"Probable cause to issue a search warrant exists if, in light of the totality of the circumstances, there is 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Shockley*, 816 F.3d 1058, 1061 (8th Cir. 2016) (quoting *United States v. Donnell*, 726 F.3d 1054, 1056 (8th Cir. 2013)). Both search warrants were undoubtedly supported by probable cause. They both contained detailed explanations as to why each subject package likely contained narcotics. The defendant's argument that there was not probable cause to search the packages, rendering the subsequent search of his address illegal is unavailing. Filing 234 at 11 (arguing "investigators would not have had enough evidence for probable cause to search 7361 N[.] 88th street without the illegal search and seizures of his mail in warrants 23MJ28 ad 23MJ31" and that the search of his home "was the fruit of the poisonous tree"). The defendant has not met his burden to prove that his Fourth Amendment claim is meritorious, so his first ground for relief fails for lack of prejudice.[3] *Hogan*, 826 F.3d at 1028 ("Where counsel's failure to competently litigate a suppression issue is the focus of the ineffective assistance claim, to demonstrate prejudice, the petitioner must 'also prove that his Fourth Amendment claim is meritorious and that there is a

[3] The defendant also briefly alleges that "his attorney should have also suppressed any evidence about his location related to his phone" "out of an abundance of caution." Filing 234 at 12. The defendant does not assert that he had a Fourth Amendment right violated because his counsel failed to file a motion to suppress on this ground. Filing 234 at 12. The defendant merely maintains that "there was no basis to gather the information absent the illegal searches of his priority mail packages." Filing 234 at 12. The Court finds this possible ground unavailing as well because the defendant does not show prejudice and because the Court found the defendant's arguments relating to the other search warrants unavailing. *Hogan*, 826 F.3d at 1028.

reasonable probability that the verdict would have been different absent the excludable evidence.'" (quoting *Kimmelman*, 477 U.S. at 375)).

2. *Ground Two: Failure to Properly Advise Defendant as to Guilty Plea*

The defendant's second, and final, ground for relief alleges that "counsel was ineffective in advising [the defendant] to plead guilty instead of filing a motion to suppress all the drugs seized in this case the motion to suppress would have been successful." Filing 234 at 13. The defendant specifically references his first ground for relief as providing the basis for this second ground. Filing 234 at 13. Because the defendant's first ground for relief fails, this second ground for relief necessarily fails given that—by failing to show that the defendant would have been able to bring a meritorious motion to suppress on the grounds alleged in the § 2255 motion—the defendant cannot show that "his case would have been different if his lawyer would have moved to suppress the illegally obtained evidence." Filing 234 at 13. The claim fails, and no hearing is required. *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (saying "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based" (internal quotation marks and citations omitted)).

**C. Johnson's Outstanding Motions**

The defendant has filed two other outstanding motions, both of which request the same relief. Filing 236; Filing 237. Specifically, Johnson "moves this Court to supplement the record with all the warrants issued by the Magistrate in the district court proceedings and all administrative subpoenas that were issued in this case." Filing 236 at 1; *see* Filing 237. The defendant requests discovery and that the record be expanded on the ground that there has been a "coevr-up [sic] [to] hide the fact that several of the warrants were issued without probable cause and to hide misconduct by investigators in actually identifying Tijuana Johnson as Movant's mule." *See* Filing 237 at 2.

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 7(a) of the Rules Governing Section 2255 Proceedings provides, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." The defendant has offered nothing but conclusory assertions to support his request. Good cause is absent here for discovery because the Court can—and does—rule on the defendant's Motion under 28 U.S.C. § 2255 based on the existing record and references made by the defendant. Discovery is unnecessary, and the record will not be expanded. The grounds raised by the defendant lack merit.

**D. Certificate of Appealability**

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable here. Therefore, the Court will not issue a certificate of appealability.

## III. CONCLUSION

For the reasons stated above, Johnson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 234, fails. The defendant's remaining motions, Filing 236; Filing 237, likewise fail. Accordingly,

IT IS ORDERED:

1. Robert Johnson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 234, is denied;

2. The defendant's remaining motions requesting discovery and an expansion of the record, Filing 236; Filing 237; are denied; and

3. The Court will not issue a certificate of appealability.

Dated this 10th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge